IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONNELL REAVON GARRETT, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3655 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER OF DISMISSAL**

Petitioner, in custody of the South Texas Intermediate Sanction Facility, files this *pro se* habeas lawsuit challenging his detention and arrest for parole or probation violation. Petitioner alleges that he was charged with a parole or probation violation in 2015. It is unclear from his pleading whether the revocation of his parole or probation is a final judgment at this point.

A review of public records for the Texas Court of Criminal Appeals shows that petitioner's state habeas application, filed with that court on November 19, 2015, was dismissed on November 25, 2015, for non-compliance with filing requirements. No subsequent habeas application appears in the records.

Under 28 U.S.C. § § 2254(b) (1) and (c), a federal habeas petitioner must exhaust all available state remedies before he may obtain federal habeas corpus relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Under this framework, exhaustion means that the petitioner must have presented all of his habeas claims fairly to the state's highest court

before he may bring them to federal court.  *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).

Exceptions exist only where there is an absence of available state corrective process or

circumstances exist that render such process ineffective to protect the rights of the applicant.

*See* 28 U.S.C. § 2254(b)(1)(B).  The exhaustion requirement applies to habeas petitioners

challenging revocations of conditional state releases.  *See Alexander v. Johnson*, 163 F.3d

906, 908–09 (5th Cir. 1998).

Because petitioner's application for state habeas corpus relief was improperly

presented to the state court, state corrective process remains available and his claims remain

unexhausted.  This pending federal habeas petition must be dismissed to give the Texas Court

of Criminal Appeals the opportunity to rule on the merits of petitioner's claims.

The petition for habeas relief is DISMISSED WITHOUT PREJUDICE for failure to

exhaust.  A certificate of appealability is DENIED.  Any and all pending motions are

DENIED AS MOOT.

Signed at Houston, Texas on December 23, 2015.

_____
Gray H. Miller
United States District Judge